# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| *Plaintiff-Appellee*, | ) DOCKET NO. 23-4183 |
| vs. | ) |
| **DEONTE MYSIA CLARK**, | ) |
| *Defendant-Appellant.* | ) |

## MOTION TO DISMISS APPEAL

Defendant Deonte Mysia Clark appeals the sentence he received after pleading guilty to discharging a firearm during and in relation to a crime of violence. Clark waived his right to appeal his conviction and sentence. The record establishes that Clark entered his guilty plea knowingly and voluntarily after a thorough plea colloquy with the district court. The United States, therefore, moves to dismiss Clark's appeal.

## BACKGROUND

In December of 2021, Clark and Keon Abraham accosted P.H. as she got out of her car in the parking lot of her apartment complex in

1

Hickory, North Carolina.  J.A. 129.  P.H. was just returning home from work and was carrying some bags and walking toward her apartment when one of the two men shoved her to the ground, pointed a gun at her head, and demanded her belongings.  J.A. 129.  P.H. described her assailant as a dark-skinned male with dreadlocks.  J.A. 129.  Clark is African American and wears dreadlocks.  J.A. 127.  Clark and Abraham took P.H.'s bags and car keys and ran toward her car.  J.A. 129.

As Clark and Abraham were robbing P.H., M.S., a neighbor of P.H.'s, looked out of her window and saw P.H. in an altercation with Clark and Abraham.  J.A. 129.  M.S. called 911 and yelled to P.H. to see if she needed help.  J.A. 129.  One of the men fired a gun four times toward M.S., shattering a window in M.S.'s apartment.  J.A. 129.  M.S. received cuts to her hands, arms, and face.  J.A. 129.  M.S.'s daughter was in her apartment but was not injured.  J.A. 129.  M.S. reported that the person who shot at her got into the passenger's seat of P.H.'s car before both men fled in the car.  J.A. 129.

Just a few minutes after the 911 call, police officers found and tried to stop P.H.'s car. J.A. 129. Clark and Abraham fled from police, traveling in excess of 80 miles per hour and running at least one red light. J.A. 130. Clark and Abraham eventually wrecked P.H.'s car. J.A. 130. Both men fled on foot with Clark fleeing from the passenger's side of the car. J.A. 130. Police found a pistol on the passenger's side floorboard. J.A. 130. Shell casings from the scene of the shooting matched the brand and caliber of ammunition inside the pistol. J.A. 130. Abraham's DNA was on the firearm. J.A. 130.

A federal grand jury indicted Clark and Abraham and charged them with carjacking, 18 U.S.C. § 2119; and discharging a firearm during and in relation to the carjacking, 18 U.S.C. § 924(c)(1)(A)(iii). J.A. 9–11. The grand jury also charged both defendants with aiding and abetting each of these offenses, 18 U.S.C. § 2. Clark entered into a plea agreement with the United States and agreed to plead guilty to the firearm offense. J.A. 100. In a section of the plea agreement entitled "Waivers," Clark agreed, "in exchange for the concessions made by the United States," to waive "all rights to contest the conviction and

3

sentence in any appeal or post-conviction action," except on the bases of (1) ineffective assistance of counsel and (2) prosecutorial misconduct. J.A. 103. In addition to their plea agreement, the parties filed a factual basis supporting Clark's guilty plea. J.A. 10–11.

The district court, Magistrate Judge David C. Keesler, conducted a hearing in accordance with Federal Rule of Criminal Procedure 11 and found that Clark's guilty plea was knowing and voluntary. J.A. 12–38. During the colloquy, Clark affirmed that his mind was clear and that he understood that he was in court to enter a guilty plea. J.A. 15. After the magistrate judge reviewed the charge against Clark and the maximum penalty he faced, Clark affirmed that he understood the charge and its consequences. J.A. 15–17. The magistrate judge explained the sentencing process and that Clark could receive a sentence that was either higher or lower than the range advised by the Sentencing Guidelines. J.A. 18. Clark affirmed that he understood and that he understood further that would be bound by his plea, even if he received a sentence more severe than he expected. J.A. 19. Clark also affirmed that he was guilty of the firearm offense and that the

4

factual basis filed by the parties was an accurate description of his offense conduct.   J.A. 20, J.A. 33–34.

After the prosecutor summarized the parties' plea agreement, Clark affirmed that the prosecutor's summary was accurate and that Clark understood the terms of his plea agreement.   J.A. 28–32.   Clark also affirmed that under the terms of the parties' agreement, his right to appeal his conviction and sentence had been "expressly waived," except for claims of prosecutorial misconduct or the ineffective assistance of counsel.   J.A. 32–33.   When asked about whether he was satisfied with the services of his lawyer, Clark replied, "Yes, sir."   J.A. 34.

The probation officer prepared a presentence report and found that the Sentencing Guidelines advised a sentence of 10 years in prison and a term of supervised release of between two and five years.   J.A. 142.   Ten years in prison was also the statutory mandatory-minimum term the court could impose.   J.A. 142.   Clark asserted, in response to the presentence report, that P.H. had given inconsistent statements with respect to who had possessed the pistol during her carjacking.

5

J.A. 123. Clark insisted that he did not fire any shots from the pistol. J.A. 40, J.A. 123–124.

The district court, the Honorable Kenneth D. Bell presiding, conducted Clark's sentencing hearing. J.A. 73–90. At the beginning of the hearing, the district court found a factual basis to support Clark's guilty plea. J.A. 74. Addressing Clark's assertion that he was not the shooter during the carjacking, the district court noted that M.S. described the shooter as getting into the passenger's seat of P.H.'s car and that Clark got out of the passenger's seat when he fled from police. J.A. 78. The court found that the presentence report "accurately reflects the facts as best as anyone can determine them." J.A. 78. And the court adopted the presentence report "without change," finding that the Guidelines advised a sentence of 10 years in prison and between two and five years of supervised release. J.A. 147.

After hearing from both parties and from Clark, the district court sentenced Clark to 180 months in prison. J.A. 88. The court explained that Clark had "been a thief" since he was 18 years old and that "[n]o sentence, no conviction ha[d] ever deterred [him] from further

criminal conduct." J.A. 88. Clark filed a timely notice of appeal. J.A. 98.

Clark initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In response, the United States declined to file a response brief. In its letter to this Court, the United States preserved "its right to enforce the waiver of the defendant's right to appeal set forth in the parties' plea agreement." Fourth Circuit Case No. 23-4183, Doc. 25. This Court later ordered the parties to file supplemental briefs addressing whether the district court's "failure to calculate Deonte Mysia Clark's advisory prison sentence and advisory supervised release range under the Sentencing Guidelines results in plain procedural unreasonableness in his sentence." *Id.*, Doc. 26.

## ARGUMENT

**Because the record establishes that Clark knowingly and voluntarily waived his right to appeal his sentence none of the exceptions to that waiver apply, this Court should dismiss his appeal.**

### A.   Standard of Review

Whether a defendant effectively waived his right to appeal is a matter of law that this Court reviews *de novo*. *United States v.*

7

*Singletary*, 75 F.4th 416, 422 (4th Cir. 2023).

## B. Discussion

This Court should dismiss Clark's appeal. Federal Rule of Criminal Procedure 11(b)(2) requires that before accepting a defendant's guilty plea, the court must address the defendant in open court and determine "that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." *See United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). As this Court has explained, a guilty plea "must reflect 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). For this reason, a defendant seeking to challenge the voluntariness of his guilty plea after affirming his choice to plead guilty in a Rule 11 proceeding "bears a heavy burden." *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003).

It is well established that a defendant may waive the right to appeal his conviction or sentence in a valid plea agreement and the waiver is valid if it is knowingly and voluntarily made. *United States v. Weon*, 722 F.3d 583, 588 (4th Cir. 2013). Whether a waiver is knowing and voluntary is evaluated based on the totality of the circumstances, including the background, experience and conduct of the accused. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). And, "[g]enerally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 707 F.3d 522, 528 (4th Cir. 2012).

The record in this case establishes that Clark knowingly and voluntarily pleaded guilty and waived his right to appeal his sentence on appeal, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. The district court conducted a thorough and careful Rule 11 colloquy, during which Clark affirmed that he understood the terms of his agreement with the United States, the

9

maximum penalty he faced, and the waiver of his right to appeal. The Rule 11 proceeding was routine and suggests no error or omission. The record establishes, therefore, that his guilty plea was knowing and voluntary.

Clark's argument that the district court abused its discretion and imposed a procedurally unreasonable sentence by failing to calculate correctly the advisory guideline range falls squarely within the scope of his appeal waiver. *See United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020) (holding that defendant's argument that his sentence was procedurally unreasonable fell within the scope of his appeal waiver). Accordingly, this Court should dismiss Clark's claim of sentencing error.

## **CONCLUSION**

Clark waived his right to appeal, and his claims of sentencing error do not fall within any exception to the appeal waiver. The United States respectfully requests, therefore, that this Court dismiss this appeal.

RESPECTFULLY SUBMITTED, this 9th day of July, 2024.

        DENA J. KING
        UNITED STATES ATTORNEY

        s/Amy E. Ray
        Assistant United States Attorney
        Room 233, U.S. Courthouse
        100 Otis Street
        Asheville, North Carolina   28801
        Telephone:   (828) 271-4661
        Fax:   (828) 271-4670
        E-mail:   Amy.Ray@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of July, 2024, a copy of the foregoing ***Motion to Dismiss Appeal*** was served upon Clark by serving his attorney of record through electronic case filing.

                                        s/Amy E. Ray
                                        Assistant United States Attorney
                                        USAO Asheville, NC